Pearson, J.
What constitutes a “ public road” is a question of law. His Honor, instead of stating the facte, upon whicli he came to the conclusion that the road, in controversy, Mas a public road, has set forth all the evidence ; which presents this question: taking all to be true, is this a public road ? We are of opinion that it is not.
Many witnesses say that it has been used as a public road more than twenty years, but when their testimony is scruti-nised, it amounts only to this: during all of that time the road has been open, and every person took the liberty of tra-velling oyer it who chose to do so. Such is the case with every private road in the country, so long as it remains open. One witness, Benoni Oartwright, stated that “ he once knew an overseer to work on said road,” but the case states “ there was no record evidence that the road had ever been laid out by authority of the County Court, or that an overseer liad ever been appointed on the same.” We do not decide that these facts arc necessary to constitute a public road, although, under the provisions of our statutes, it is difficult to see hoxv there can be a public road in our State without them, when it has been open any length of time ; but urn think the absence of these facts has a strong bearing upon the present enquiry, and tends to explain the evidence. It certainly calls for an explanation of the testimony of Benoni Cartwright. Did he mean the overseer of some adjoining proprietor, oran overseer appointed by Court, with hands duly assigned to him ? If the former, it amounts to nothing; if the latter, it *241 is singular that there is no entry to that effect on the record, and that it was only done on one occasion.
But the whole matter is fully explained by the evidence offered by the defendant. In 1833, the road was opened for the defendant by one Pool, who was required by the church “ to give Dr. Bamsey a road,” and did so at the cost of seventy-five dollars. After this the defendant continually claimed and used the road as a right, and not as a mere favor, and the road being in this way opened, and kept open, has been used by every one who saw proper to travel it.
The commencement of the easement being thus shown, precludes the idea of its being a public road.
The order of the Court below will be reversed, and the proceeding dismissed at the cost of the petitioner.
Pee CdeiaM, Judgment reversed.